UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKLIN D. FLOYD,

    Petitioner,

-vs-                                      Case No. 8:06-CV-1065-T-27TBM

JAMES McDONOUGH, et al.,

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate under sentence of death initiated this matter *pro se* by filing a Petition for Writ of Habeas Corpus (Dkt. 1) and an Affidavit of Indigency in which he seeks leave to proceed *in forma pauperis* (Dkt. 7). Petitioner is challenging his 2002 conviction of first degree murder entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1). The Florida Supreme Court affirmed Petitioner's conviction and sentence on October 12, 2005. See *Floyd* v. State, 913 So.2d 564 (Fla. 2005).

Filed in the United States District Court, Middle District of Florida, Jacksonville Division, the petition was transferred to the Tampa Division pursuant to Local Rule 1.02(c) and 28 U.S.C. § 2241(d) because Petitioner was convicted in Pinellas County.

A review of the Sixth Judicial Circuit Court docket reveals that Petitioner has a matter pending before the state trial court, which has scheduled a status conference to

be held on July 31, 2006, to address Petitioner's Motion for a *Faretta*[1] Hearing. *State v. Floyd*, Case No. CRC-97-20160CFANO (Fla. 6th Jud. Cir. Ct.).[2]

The Court takes judicial notice of information available at the Florida Supreme Court On-Line Docket, http://jweb.flcourts.org/pls/docket, viewed June 25, 2006, stating that on February 1, 2006, Petitioner filed a notice of appeal of the summary denial of a motion for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850. *See Floyd v. State*, Case No. SC06-1056 (Fla. 2006). The case remains active in that court. *See* Fed. R. Evid. 2.01.

Having failed to exhaust his state court remedies, Petitioner is only entitled to proceed pursuant to § 2254 if he establishes that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B). Nothing in the record indicates that Petitioner can make this showing.

In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state courts an opportunity to rule on Petitioner's claims. Therefore, this case will be dismissed without prejudice to give Petitioner the opportunity to exhaust his claims. *See* Rose v. *Lundy,* 455 U.S. 509 (1982).

ACCORDINGLY, the Court **ORDERS** that:

---

[1] *Faretta v. California,* 422 U.S. 806, 820 (1975) (finding that "[t]he language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant -- not an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists.") (footnote omitted).

[2] The Court takes judicial notice of information available at the Consolidated Justice Information System, http//pubtitlet.co.pinellas.fl.us/justice/GEInput.jsp, maintained by the Clerk of the Sixth Judicial Circuit Court, Pinellas County, Florida, viewed on June 25, 2006.

1. The Petition for Writ of Habeas Corpus is **DISMISSED** without prejudice to Petitioner filing another request for federal habeas relief under a new case number <u>after</u> the state court proceedings have concluded (Dkt. 1).

2. The **Clerk** shall terminate any pending motions and close this case.

**ORDERED** in Tampa, Florida, on ___June 27th___, 2006.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy to:   *Pro se* Petitioner

Carol M. Dittmar
Office of the Attorney General
Concourse Center 4
3507 E. Frontage Rd., Suite 200
Tampa, FL 33607-7013